OPINION OF THE COURT
Edward H. Lehner, J.
Consolidated for decision herewith are motions 294 of February 16 and 54 of March 25, 1982.
The earlier motion seeks to reargue the decision of the undersigned dated December 16, 1981 (111 Mise 2d 944) and the latter seeks to punish the defendants for contempt and to vacate the notice of lease termination served upon plaintiff.
THE FACTS
Plaintiff sought permission to sublease her apartment at 293 Riverside Drive. Since she refused to complete a 10-page form seeking financial information about herself and the proposed sublessees, the defendant (landlord) denied permission to sublet. Plaintiff then instituted this action for a judgment declaring the rejection to be unreasonable under section 226-b of the Real Property Law.
In the aforesaid decision it was ruled that the tenant should have provided the requested financial information with respect to the purposed subtenants but did not have to *809 provide same with respect to herself. Because the landlord demanded more information than permissible, the tenant was given 20 days after service of a copy of the order to be entered thereon to provide the requested data.
Notice that a decision had been rendered appeared in the New York Law Journal on January 4. Then a “cat and mouse game” between the lawyers began. No order was submitted by either side until January 28 when the tenant noticed an order for settlement. The landlord urged that the order not be signed because it had not been submitted within 30 days of the court decision as required by court rule and because the proposed subtenants had in fact moved into the apartment.
Since the 30-day period set forth in 22 NYCRR 660.8 (a) (6) was adopted only for administrative purposes, may be enlarged, and should properly run from the date of publication of the decision (January 4) and not the date of decision (December 16), the court signed the order submitted by the plaintiff on February 3.
On January 27, the same date defendant wrote to the court urging that plaintiff’s order not be signed, defendant sent plaintiff a notice that she was in violation of her lease for having sublet the premises prior to having received consent of the landlord.
Thereafter, plaintiff submitted an order seeking “reargument and/or renewal” of the decision of December 16 and a vacatur of the notice to cure of January 27. The order was signed on February 9 with a stay “pending the hearing of this motion” of all actions to terminate the lease and tolling the time of plaintiff to cure pursuant to said notice. The motion appeared on the calendar of February 16 and was referred to the undersigned. However, there is no indication that the Justice presiding at Special Term continued the stay and plaintiff did not seek oral argument of the motion until the end of March. Contained within the motion papers was the completed financial questionnaire with respect to the subtenants.
On March 1, the defendant sent another notice to cure to plaintiff with the consequence that plaintiff moved by order to show cause to punish defendant for contempt of the order of February 9.
*810 MOTION TO REARGUE
Since plaintiff has submitted no grounds for reargument or renewal, such application is denied. Stating that oral argument would have been requested and memoranda of law submitted had plaintiff “known that the Court intended to issue a decision which would have been declarative of the law in this area” hardly states grounds for the granting of such relief. In fact, on this submission no memoranda has been submitted and no disagreement with the court’s decision is set forth other than the factual claim that tenant had previously submitted sufficient information to the landlord.
CONTEMPT MOTION
Since the stay, which is the basis of the application to punish for contempt, expired when the Justice then presiding at Special Term declined to extend same, such application is denied. The practice of this court, which perhaps leaves something to be desired, is not to have a Judge sign an order extending the stay, but rather for the clerk to make a notation on the jacket of the motion. Since there is no notation on the jacket, the stay expired on February 16. No request for an extension was made to the undersigned until oral argument on March 29. Hence, defendant was not in contempt of an existing court order when sending the notice to cure.
THE RIGHT TO SUBLEASE
Plaintiff contends that the main reason for this extended controversy does not really pertain to the sublease, the term of which will expire on June 25, but rather whether plaintiff, when she returns from England in June, will be a tenant in occupancy with the right to purchase as an “insider” when the building converts to co-operative ownership.
Defendant argues that since plaintiff allowed subtenants into occupancy prior to the time defendant had to make a determination on the permission to sublet under section 226-b of the Real Property Law, she has violated the lease. Defendant points to the fact that said section requires the consent to be “given in advance of the sublease”.
*811 Although defendant is correct in its statutory reference, the court finds that because defendant asked for information beyond what was reasonable prior to the time the tenant placed the subtenants into occupancy, it waived the right to now claim a lease violation based on the subletting unless it can now show that a rejection of the subtenants is reasonable.
Although neither side apparently served a copy of the order of February 3 determining the original motion, the tenant did send the landlord the information required thereby when it attached same to her motion papers served upon landlord’s attorneys on February 9. When receiving such financial information, the landlord had an obligation to respond. To date, the landlord has not in any manner indicated any reason to not accept the subtenants (other than the fact that they are now in actual possession). The court finds that such failure constitutes a consent. (Conrad v Third Sutton Realty Co., 81 AD2d 50.) Hence, the subtenants are entitled to remain in possession for the balance of the term of the sublease.
attorneys’ fees
Although the court concludes that the subtenants are entitled to remain in possession, it declines to award attorneys’ fees. Here the court found in its December 16 decision that the landlord had not unreasonably withheld consent because the tenant had failed to provide the required information with respect to the subtenants. The tenant was given the additional time to provide such information only because the landlord’s request was overly broad in also requesting information of the tenant herself.